UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cr-00084-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DAMIEN MAURICE CABBLE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on petitioner's letter dated September 19, 2018 (#105). Review of the defendant's letter reveals that petitioner seeks assistance in placement in a halfway house as part of the Residential Reentry Program under the Second Chance Act. Defendant advises the Court that the halfway house located in Charlotte is no longer in operation and that he needs the opportunity that such placement would afford in furthering his qualifications for placement in the trucking profession. Defendant further advises that he has a job in trucking when he is released.

First, the Court commends defendant on the positive attitude expressed in his letter and his accomplishments while incarcerated. There is, however, no affirmative relief this Court can afford in addition to its earlier recommendation that defendant be allowed to participate in the program. Title 18, United States Code, Section 3621(b), provides in relevant part as follows:

> **(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

1

<pre>
                                    * * *
</pre>
    (4) any statement by the court that imposed the sentence—
        (A) concerning the purposes for which the sentence to imprisonment
        was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as
        appropriate . . . .

18 U.S.C. § 3621(b). The *Second Chance Act*, cited by defendant, impacts the RRC program as provided by Section 3621, and provides as follows in pertinent part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement." Delfino v. Berkebile, 2011 WL 1088013, *3 (S.D.W.Va. March 23, 2011).

Construing such letter in a light most favorable to defendant, and to the extent defendant asks that the Court grant relief under the *Second Chance Act of 2007*, Section 3624(c) concerns actions to be taken by the Director of the Bureau of Prisons, not the Court. Whether to place a person in any pre-release program appears to be a duty delegated to the Executive Branch and not the Judiciary. Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329 (1992)).

The Director of Bureau of Prisons is uniquely qualified to determine what re-entry programs are appropriate for an incarcerated person as the Director is familiar with defendant's adjustment and accomplishments while incarcerated. More to the point here, the Director also has the ability to determine what resources are available for any given placement, and from what defendant has provided, it does not appear that a placement is available in Charlotte. If this is the

case, this is most unfortunate, but it neither unlawful or anything this Court can right inasmuch as the statute provides for such placements "to the extent practicable." 18 U.S.C. § 3624(c)(1).

Thus, there is no affirmative relief this Court can afford, other than to reemphasize its recommendation to the Bureau of Prisons that defendant be allowed to participate in a Residential Re-Entry Program. The Court is very encouraged by the accomplishments mentioned in defendant's letter, the prospect that defendant has turned a corner, and that defendant has already made arrangements for a very good job after release.

***

Finally, the Court has considered whether defendant is alleging that he has been denied any relief by the Bureau of Prisons under the *Second Chance Act of 2007*. First, close review of the letter does not reveal any allegation that he exhausted his administrative remedies. This means that defendant must fully exhaust all avenues for relief afforded by the Bureau of Prisons before filing a petition with any Court. Even if he had exhausted his BOP administrative remedies, such a motion would likely be a challenge brought under 28, United States Code, Section 2241, in the district in which he is incarcerated, <u>id.</u>, which appears to be the Middle District of North Carolina. The Court, however, recommends that defendant first discuss alternative placements at other halfway house facilities with his counselor or case manager concerning.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent that defendant seeks affirmative relief from this Court in his letter dated September 19, 2018, such request is DENIED without prejudice. Defendant is strongly encouraged to work with his case manager in seeking an

appropriate plan under the Second Chance Act and is further encouraged to continue with his pursuit of programs that will assist him upon his release.

Signed: September 26, 2018

Max O. Cogburn Jr
United States District Judge

4